DAVID P. ENZMINGER (BAR NO. 137065)
denzminger@winston.com
DAVID LIN (BAR NO. 278404)
dlin@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

CONSTANCE F. RAMOS (BAR NO. 203637)
cframos@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

*Attorneys for Defendants*
*LSI Corporation and Avago Technologies U.S. Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECTRA LICENSING GROUP, LLC, a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>LSI CORPORATION, a Delaware corporation; and AVAGO TECHNOLOGIES U.S. INC. a Delaware corporation,<br><br>          Defendants. | Case No. 3:16-CV-00899-DMS-MDD<br><br>**DEFENDANT LSI CORPORATION'S ANSWER AND COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br><br>Complaint Filed:   April 14, 2016 |

Defendant LSI Corporation ("LSI") hereby responds to plaintiff Spectra Licensing Group LLC's ("SPECTRA") Amended Complaint for Patent Infringement (Doc. 16, "Amended Complaint") as follows:

## THE PARTIES AND THEIR OWNERSHIP

1.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and on that basis denies them.

2.     Defendant LSI admits that LSI is a corporation organized under the laws of the State of Delaware, with offices located at 1320 Ridder Park Drive, San Jose, California 95131, and admits that LSI is registered with the California Secretary of State under entity number C1590746.

3.     Defendant LSI admits that Avago Technologies U.S. Inc. ("AVAGO") is a corporation organized under the laws of the State of Delaware, with offices located at 1320 Ridder Park Drive, San Jose, California 95131, and admits that AVAGO is registered with the California Secretary of State under entity number C2800429.

4.     Defendant LSI admits that Broadcom Ltd. is not a defendant in this action, as the Amended Complaint states no claim against Broadcom Ltd.  Plaintiff's use of the term "BROADCOM" is ambiguous.  LSI denies that "BROADCOM" was previously known as Avago Technologies Limited.  As to other allegations contained in Paragraph 4 of the Amended Complaint, and except as expressly admitted, LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

5.     Defendant LSI admits that LSI was acquired by Avago Technologies Ltd., and admits that it is a wholly owned, indirect subsidiary of Broadcom Limited. Except as expressly admitted, LSI denies each and every allegation of Paragraph 5 of the Amended Complaint.

6.     Defendant LSI admits that AVAGO is a wholly owned indirect subsidiary of Broadcom Limited.  Except as expressly admitted, LSI denies each and

1  every allegation of Paragraph 6 of the Amended Complaint.

2      7.    Defendant LSI admits that Broadcom Limited is a holding company that

3  does not engage in any sales, use, or product development activities with regard to

4  read channel devices for use in hard-disk drives.  Except as expressly admitted, LSI

5  denies each and every allegation of Paragraph 7 of the Amended Complaint.

6                          **JURISDICTION AND VENUE**

7      8.    Defendant LSI admits that this is an action for patent infringement and

8  does not contest subject matter jurisdiction.

9      9.    Defendant LSI does not contest personal jurisdiction in this district.  To

10  the extent the remaining allegations and legal conclusions in Paragraph 9 of the

11  Amended Complaint require a response:  Denied.

12      10.   Defendant LSI does not contest that venue may be proper in this district;

13  however, LSI avers that venue would be more convenient in the Northern District of

14  California.  Except as so admitted and averred, LSI denies the remaining allegations

15  and legal conclusions in Paragraph 10 of the Amended Complaint.

16                              **PATENT-IN-SUIT**

17      11.   Defendant LSI lacks information sufficient to form a belief as to the truth

18  of the allegations contained in Paragraph 11 of the Amended Complaint, and on that

19  basis denies them.

20      12.   Defendant LSI admits that U.S. Patent No. 6,108,388 ("the '388 patent")

21  is titled "Iterative-Structure Digital Signal Reception Device, and Module and Method

22  Therefor," and admits that it is attached, along with a Certificate of Correction, to the

23  Amended Complaint.  Except as expressly admitted herein, each and every allegation

24  of Paragraph 12 of the Amended Complaint is denied.

25      13.   Defendant LSI denies the allegations contained in Paragraph 13 of the

26  Amended Complaint.

27      14.   Defendant LSI lacks information sufficient to form a belief as to the truth

28  of the allegations contained in Paragraph 14 of the Amended Complaint, and on that

1   basis denies them.

2   **BACKGROUND**

3   **Turbo Equalization and Iterative Detection**

4       15.    Defendant LSI lacks information sufficient to form a belief as to the truth

5   of the allegations contained in Paragraph 15 of the Amended Complaint, and on that

6   basis denies them.

7       16.    Defendant LSI lacks information sufficient to form a belief as to the truth

8   of the allegations contained in Paragraph 16 of the Amended Complaint, and on that

9   basis denies them.

10      17.    Defendant LSI lacks information sufficient to form a belief as to the truth

11  of the allegations contained in Paragraph 17 of the Amended Complaint, and on that

12  basis denies them.

13      18.    Defendant LSI lacks information sufficient to form a belief as to the truth

14  of the allegation contained in Paragraph 18 of the Amended Complaint, and on that

15  basis denies it.

16      19.    Defendant LSI lacks information sufficient to form a belief as to the truth

17  of the allegation contained in Paragraph 19 of the Amended Complaint, and on that

18  basis denies it.

19      20.    Defendant LSI lacks information sufficient to form a belief as to the truth

20  of the allegation contained in Paragraph 20 of the Amended Complaint, and on that

21  basis denies it.

22      21.    Defendant LSI lacks information sufficient to form a belief as to the truth

23  of the allegation contained in Paragraph 21 of the Amended Complaint, and on that

24  basis denies it.

25      22.    Defendant LSI lacks information sufficient to form a belief as to the truth

26  of the allegation contained in Paragraph 22 of the Amended Complaint, and on that

27  basis denies it.

28      23.    Defendant LSI admits that a paper purportedly authored by C. Douillard,

A. Picart, M. Jézéquel, P. Dither, C. Berrou, and A. Glavieux, titled "Iterative correction of intersymbol interference: Turbo-equalization," (Eur. Trans. Commun., vol. 6, pp. 507-511, September-October 1995) was incorporated by reference at col. 7, lines 11-20 in U.S. Patent No. 8,291,299 ("the '299 patent").  Defendant LSI also admits that the title, named inventors, and stated assignment to LSI Corporation appearing on the face of the '299 patent are correctly stated. Defendant LSI further admits that the '299 patent incorporated by reference a paper purportedly authored by Yeap and others, titled "Comparative Study of Turbo Equalization Schemes using Convolutional, Convolutional Turbo, and Block-Turbo Codes," (IEEE Transactions on Wireless Communications, 1 (2) pp. 266-273).  Except as expressly admitted herein, each and every allegation in Paragraph 23 of the Amended Complaint is denied.

24.    Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and on that basis denies them.

25.    Defendant LSI denies the allegations in Paragraph 25 of the Amended Complaint.

26.    Defendant LSI denies the allegations in Paragraph 26 of the Amended Complaint.

27.    Defendant LSI denies the allegations in Paragraph 27 of the Amended Complaint.

28.    Defendant LSI denies the allegations in Paragraph 28 of the Amended Complaint.

**The LSI TrueStore RCSl00/5200 Product**

29.    Defendant LSI admits that the document attached as Exhibit G to the Amended Complaint is an LSI document.  Except as expressly admitted herein, LSI denies the allegations of Paragraph 29 of the Amended Complaint.

30.    Defendant LSI admits that the document attached as Exhibit G to the

Amended Complaint is an LSI document.  Except as expressly admitted herein, LSI denies the allegations of Paragraph 30 of the Amended Complaint.

31.   Defendant LSI admits that the document attached as Exhibit G to the Amended Complaint is an LSI document.  Except as expressly admitted herein, LSI denies the allegations of Paragraph 31 of the Amended Complaint.

32.   Defendant LSI admits that the document attached as Exhibit G to the Amended Complaint purportedly includes Section 14.1 of a "TrueStore RC5100/5200 Series Spyder Read Channel Product Specification – Seagate," dated February 2013, titled "Iterative Decoding Overview," and admits that the document speaks for itself. Except as expressly admitted herein, each and every allegation of Paragraph 32 of the Amended Complaint is denied.

33.   Defendant LSI admits that the document attached as Exhibit G to the Amended Complaint purportedly includes Figure 139 of a "TrueStore RC5100/5200 Series Spyder Read Channel Product Specification – Seagate," dated February 2013, and admits that the document speaks for itself. Defendant LSI lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Amended Complaint, and on that basis denies them.

34.   Defendant LSI admits that "LDPC" stands for "low density parity check."  Except as expressly admitted, LSI lacks information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in Paragraph 34 of the Amended Complaint, and on that basis denies them.

**Infringement Analysis of the TrueStore 5x00 Series**

35.   Defendant LSI admits that Claim 9 of the '388  patent is subject to a Certificate of Correction, the content of which speaks for itself.  To the extent Paragraph 35 of the Amended Complaint contains any other allegations or legal conclusions requiring a response, those allegations and legal conclusions are denied.

36.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint, and on that

1   basis denies them.

2       37.   Defendant LSI denies the allegations of Paragraph 37 of the Amended
3   Complaint.

4       38.   Defendant LSI denies the allegations of Paragraph 38 of the Amended
5   Complaint.

6       39.   Defendant LSI denies the allegations of Paragraph 39 of the Amended
7   Complaint.

8       40.   Defendant LSI denies the allegations of Paragraph 40 of the Amended
9   Complaint.

10      41.   Defendant LSI denies the allegations of Paragraph 41 of the Amended
11  Complaint.

12      42.   Defendant LSI denies the allegations of Paragraph 42 of the Amended
13  Complaint.

14      43.   Defendant LSI denies the allegations of Paragraph 43 of the Amended
15  Complaint.

16      44.   Defendant LSI denies the allegations of Paragraph 44 of the Amended
17  Complaint.

18      45.   Defendant LSI denies the allegations of Paragraph 45 of the Amended
19  Complaint.

20      46.   Defendant LSI denies the allegations of Paragraph 46 of the Amended
21  Complaint.

22                          **The TrueStore Product Line**

23      47.   Defendant LSI lacks information sufficient to form a belief as to the truth
24  of the allegations contained in Paragraph 47 of the Amended Complaint, and on that
25  basis denies them.

26      48.   Defendant LSI lacks information sufficient to form a belief as to the truth
27  of the allegations contained in Paragraph 48 of the Amended Complaint, and on that
28  basis denies them.

49.     Defendant LSI admits that the document attached to the Amended Complaint as Exhibit I purports to be a "TrueStore RC9500/RC9501 Read Channel General Information Product Specification" dated January 2010 and labeled as an "Advance Copy, version 0.25." Except as expressly admitted herein, each and every allegation of Paragraph 49 of the Amended Complaint is denied.

50.     Defendant LSI admits that the document attached to the Amended Complaint as Exhibit I purports to be a "TrueStore RC9500/RC9501 Read Channel General Information Product Specification" and lists a "revision history" spanning from April 2009 to January 2010.  Except as expressly admitted herein, each and every allegation of Paragraph 50 of the Amended Complaint is denied.

51.     Defendant LSI admits that the document attached to the Amended Complaint as Exhibit J purports to be a www.prnewswire.com report describing "TrueStore SC9500, a 40-nanometer application specific standard product (ASSP) system-on-a-chip (SoC) for the notebook and desktop hard disk drive (HDD) market segments."   Except as expressly admitted herein, each and every allegation of Paragraph 51 of the Amended Complaint is denied.

52.     Defendant LSI admits that the document attached to the Amended Complaint as Exhibit J speaks for itself.  To the extent any other factual allegations or legal conclusions of Paragraph 52 of the Amended Complaint require a response, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

53.     Defendant LSI denies the allegations of Paragraph 53 of the Amended Complaint.

54.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Amended Complaint, and on that basis denies them.

55.     Defendant LSI admits that products containing the Accused Products (as defined in the Amended Complaint) are sold to consumers in the Southern District of

California. To the extent Paragraph 55 of the Amended Complaint includes any other allegations, LSI denies them.

56.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegation of Paragraph 56 of the Amended Complaint, and on that basis denies it.

57.   Defendant LSI denies the allegations of Paragraph 57 of the Amended Complaint.

58.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Amended Complaint, and on that basis denies them.

59.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Amended Complaint, and on that basis denies them.

### Read Channel Product Sales Cycle

60.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Amended Complaint, and on that basis denies them.

61.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Amended Complaint, and on that basis denies them.

62.   Defendant LSI denies the allegations of Paragraph 62 of the Amended Complaint.

63.   Defendant LSI denies the allegations of Paragraph 63 of the Amended Complaint.

64.   Defendant LSI denies the allegations of Paragraph 64 of the Amended Complaint.

65.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Amended Complaint, and on that basis denies

1    them.

2    66.    Defendant LSI denies the allegations of Paragraph 66 of the Amended

3    Complaint.

4    67.    Defendant LSI admits that Avago Technologies Ltd. acquired LSI.

5    Except as expressly admitted, LSI denies each and every allegation of Paragraph 67 of

6    the Amended Complaint.

7    68.    Defendant LSI admits that beginning March 8, 2015, AVAGO has

8    handled the U.S. sale and distribution of LSI-label products.   Except as expressly

9    admitted herein, Defendant LSI lacks information sufficient to form a belief as to the

10    truth of the other allegations of Paragraph 68 of the Amended Complaint, and on that

11    basis denies them.

12    69.    Defendant LSI admits that after Avago Technologies Ltd. acquired LSI,

13    some  of  LSI's  responsibilities  and  businesses  have  been  folded  into  the

14    responsibilities and business of AVAGO.   Except as expressly admitted herein,

15    Defendant LSI denies each and every allegation of Paragraph 69 of the Amended

16    Complaint.

17    70.    Defendant LSI denies that AVAGO has repeatedly performed all of the

18    steps of the '388 patent within the United States and California.  With respect to all

19    other allegations of Paragraph 70 of the Amended Complaint, Defendant LSI lacks

20    information sufficient to form a belief as to their truth, and on that basis denies them.

21    71.    Defendant LSI denies that AVAGO has infringed the '388 patent.

22    Defendant LSI denies that AVAGO's acts have caused damage to SPECTRA.

23    Defendant LSI denies that LSI has infringed the '388 patent.   Defendant LSI denies

24    that LSI's acts have caused damage to SPECTRA.  As to all other factual allegations

25    contained in Paragraph 71 of the Amended Complaint, Defendant LSI lacks

26    information sufficient to form a belief as to their truth, and on that basis denies them.

27    To  the  extent  the  legal  conclusions  of  Paragraph  71  require  a  response,  those

28    allegations and legal conclusions are denied.

DEFENDANT LSI'S ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:16-cv-00899-DMS-MDD

72.     Defendant LSI admits that the document attached as Exhibit L to the Amended Complaint speaks for itself.  With respect to other factual allegations of Paragraph 72 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.  It is unclear what SPECTRA means by "[t]his assumption of ownership of the TrueStore read channel product line."  To the extent the legal conclusions of Paragraph 72 require a response, those legal conclusions are denied.

73.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Amended Complaint, and on that basis denies them.

74.     Defendant LSI denies infringement.   With respect to other factual allegations of Paragraph 74 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.  To the extent the legal conclusions of Paragraph 74 require a response, those legal conclusions re denied.

75.     Defendant LSI denies the allegations of Paragraph 75 of the Amended Complaint.

76.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Amended Complaint, and on that basis denies them.

77.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Amended Complaint, and on that basis denies them

78.     Defendant LSI admits that the document attached as Exhibit N speaks for itself.   Except as expressly admitted herein, Defendant LSI lacks information sufficient to form a belief as to the truth of the other allegations of Paragraph 78 of the Amended Complaint, and on that basis denies them.

79.     Defendant LSI admits that the document attached as Exhibit N speaks for

itself.   Except as expressly admitted herein, Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Amended Complaint, and on that basis denies them.

80.    Defendant LSI denies infringement.   As to the other allegations of Paragraph 80 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and on that basis denies them.

81.    Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Amended Complaint, and on that basis denies them.

82.    Defendant LSI admits that the document attached as Exhibit N speaks for itself.   Except as expressly admitted herein, Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Amended Complaint, and on that basis denies them.

83.    Defendant LSI denies infringement.   As to the other allegations of Paragraph 83 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

84.    Defendant LSI admits that "Western Digital Corporation in Irvine" is a customer of AVAGO.   Except as expressly admitted, and to the extent any other factual allegations or legal conclusions of Paragraph 84 of the Amended Complaint require a response, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

85.    Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Amended Complaint, and on that basis denies them.

86.    Defendant LSI denies the allegations of Paragraph 86 of the Amended Complaint.

87.    Defendant LSI denies infringement.   As to the other allegations of

1  Paragraph 87 of the Amended Complaint, Defendant LSI lacks information sufficient

2  to form a belief as to their truth, and on that basis denies them.

3        88.    Defendant LSI lacks information sufficient to form a belief as to the truth

4  of the allegations of Paragraph 88 of the Amended Complaint, and on that basis denies

5  them.

6        89.    Defendant LSI denies the allegations of Paragraph 89 of the Amended

7  Complaint.

8        90.    Defendant LSI lacks information sufficient to form a belief as to the truth

9  of the allegations of Paragraph 90 of the Amended Complaint, and on that basis denies

10  them.

11        91.    Defendant LSI denies the allegations of Paragraph 91 of the Amended

12  Complaint.

13        92.    Defendant LSI lacks information sufficient to form a belief as to the truth

14  of the other allegations of Paragraph 92 of the Amended Complaint, and on that basis

15  denies them.

16        93.    Defendant LSI lacks information sufficient to form a belief as to the truth

17  of the allegations of Paragraph 93 of the Amended Complaint, and on that basis denies

18  them.

19        94.    Defendant LSI denies the allegations of Paragraph 94 of the Amended

20  Complaint.

21        95.    Defendant LSI denies that Mr. Shaohua Yang is an employee of

22  AVAGO.  LSI lacks information sufficient to form a belief as to the truth of the other

23  allegations of Paragraph 95 of the Amended Complaint, and on that basis denies them.

24        96.    Defendant LSI denies the allegations of Paragraph 96 of the Amended

25  Complaint.

26        97.    Defendant LSI lacks information sufficient to form a belief as to the truth

27  of the allegations of Paragraph 97 of the Amended Complaint, and on that basis denies

28  them.

98.     Defendant LSI denies the allegations of Paragraph 98 of the Amended Complaint.

99.     Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Amended Complaint, and on that basis denies them.

100.    Defendant LSI denies the allegations of Paragraph 100 of the Amended Complaint.

101.    Defendant LSI denies the allegations of Paragraph 101 of the Amended Complaint.

102.    Defendant LSI denies infringement.  With respect to other allegations of Paragraph 102 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to the truth of the factual allegations and legal conclusions of Paragraph 102, and on that basis denies them.

103.    Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Amended Complaint, and on that basis denies them.

104.    Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Amended Complaint, and on that basis denies them.

105.    Defendant LSI admits that LSI does not currently maintain a separate website.  Except as expressly admitted herein, each and every allegation of Paragraph 105 of the Amended Complaint is denied.

106.    Defendant LSI denies that either of the employees named in Paragraph 106 of the Amended Complaint were employed by AVAGO.  LSI lacks sufficient information and belief as to the remaining allegations of Paragraph 106, and on that basis denies them.

107.    Defendant LSI admits that certain rights in U.S. Patent No. 8,291,299 were assigned to Bank of America, N.A., in February 2016.  Except as expressly

admitted, to the extent additional factual allegations have been made in Paragraph 107 of the Amended Complaint, LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

108. Defendant LSI denies the allegations of Paragraph 108 of the Amended Complaint.

109. Defendant LSI lacks information sufficient to form a belief as to the truth of the factual allegations and legal conclusions of Paragraph 109 of the Amended Complaint, and on that basis denies them.

110. Defendant LSI lacks information sufficient to form a belief as to the truth of the factual allegations and legal conclusions of Paragraph 110 of the Amended Complaint, and on that basis denies them.

111. Defendant LSI lacks information sufficient to form a belief as to the truth of the factual allegations and legal conclusions of Paragraph 111 of the Amended Complaint, and on that basis denies them.

112. Defendant LSI denies the allegations of Paragraph 112 of the Amended Complaint.

113. Defendant LSI denies the allegations of Paragraph 113 of the Amended Complaint.

114. Defendant LSI denies infringement. Defendant LSI lacks information sufficient to form a belief as to the truth of the other factual allegations and legal conclusions of Paragraph 114 of the Amended Complaint, and on that basis denies them.

115. Defendant LSI admits that the document attached as Exhibit P to the Amended Complaint purports to be a presentation prepared by LSI on "LSI Corporation Analyst Day 2010" on March 17, 2010 (the "Analyst Day Presentation"). To the extent there are other allegations in Paragraph 115 of the Amended Complaint, Defendant LSI lacks information sufficient to form a belief as to their truth, and on that basis denies them.

116.   Defendant LSI denies the allegations of Paragraph 116 of the Amended Complaint.

117.   Defendant LSI denies the allegations of Paragraph 117 of the Amended Complaint.

118.  Defendant LSI admits that Seagate Technology ("Seagate") is  a hard disk drive  manufacturer.  Except as expressly admitted herein, Defendant LSI denies each and every allegation of Paragraph 118 of the Amended Complaint.

119.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Amended Complaint, and therefore denies them.

120.     Defendant LSI admits that Western Digital is a hard disk drive manufacturer.  Defendant LSI lacks information sufficient to form a belief as to the truth of other allegations of Paragraph 120 of the Amended Complaint, and therefore denies them.

121.  Defendant LSI lacks information sufficient to form a belief as to the truth of other allegations of Paragraph 121 of the Amended Complaint, and therefore denies them.

122.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the Amended Complaint, and therefore denies them.

123.  Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of the Amended Complaint, and therefore denies them.

124.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Amended Complaint, and therefore denies them.

125.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Amended Complaint, and therefore denies

them.

126.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Amended Complaint, and therefore denies them.

127.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the Amended Complaint, and therefore denies them.

128.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the Amended Complaint, and therefore denies them.

129.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Amended Complaint, and therefore denies them.

130.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Amended Complaint, and therefore denies them.

131.   Defendant LSI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Amended Complaint, and therefore denies them.

132.   Defendant LSI denies the allegations of Paragraph 132 of the Amended Complaint.

133.   Defendant LSI denies the allegations of Paragraph 133 of the Amended Complaint.

## COUNT I

### Infringement of the '388 Patent (Against Both Defendants)

134.   Defendant LSI incorporates paragraphs 1 through 133 by reference as if fully stated herein.

135.   Defendant LSI denies the allegations of Paragraph 135 of the Amended

Complaint.

136.   Defendant LSI denies the allegations of Paragraph 136 of the Amended Complaint.

137.   Defendant LSI denies the allegations of Paragraph 137 of the Amended Complaint.

138.   Defendant LSI denies the allegations of Paragraph 138 of the Amended Complaint.

139.   Defendant LSI denies the allegations of Paragraph 139 of the Amended Complaint.

## PRAYER FOR RELIEF

140.   Defendant LSI denies that SPECTRA is entitled to any requested relief. To the extent not expressly addressed above, each and every factual allegation in SPECTRA's Prayer for Relief is denied.

## DEFENSES

141.   Subject to its responses above, and upon information and belief, Defendant LSI alleges and asserts the following defenses in response to the allegations of the Amended Complaint.   Regardless of how such defenses are listed herein, Defendant LSI undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.   In addition to the defenses described below, Defendant LSI specifically reserves all rights to allege additional defenses pursuant to any Court order or that become known through the course of this action.

### First Defense

### (Invalidity)

142.   The claims of the '388 Patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Second Defense

### (Non-Infringement)

143.   Defendant LSI's actions with respect to the use, sale, or offer for sale of Accused Products or any other accused activity have not directly, jointly, or indirectly infringed, and do not infringe, any properly construed, valid, and/or enforceable claims of the '388 Patent.

## Third Defense

### (Prosecution History Estoppel)

144.   SPECTRA's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during prosecution of the '388 patent and/or any of its foreign counterparts and related patents, including (without limitation) patents incorporated by reference into the '388 patent.

## Fourth Defense

### (Laches and/or Equitable Estoppel)

145.   SPECTRA's claims for relief are barred by the doctrines of laches and/or equitable estoppel based on at least SPECTRA's unreasonable delay in seeking a Certificate of Correction and in filing suit against Defendant LSI on the '388 patent, years after SPECTRA knew or should have known of the material error in the issued patent.   Such unreasonable delay materially prejudiced Defendant LSI.   Prior to the issuance of the Certificate of Correction, Defendant LSI was entitled to rely on the scope of the '388 patent claims as originally issued.   SPECTRA's claims for relief are further barred, in whole or in part, by the doctrine of equitable estoppel to the extent SPECTRA asserts a theory of claim scope that is inconsistent with its positions on claim construction adjudicated in other litigation involving the '388 patent or related patents.

1

2

**Fifth Defense**

**(Damages Limited)**

3    146.   Defendant LSI alleges on information and belief that any claim for

4    damages for patent infringement by SPECTRA is limited by 35 U.S.C. § 287 to only

5    those damages occurring after proper and sufficient notice of infringement of the '388

6    patent to LSI, and only up until its expiration on February 6, 2016.

7

8

**Sixth Defense**

**(Failure to State a Claim)**

9    147.   SPECTRA's Amended Complaint fails to state a claim upon which relief

10    may be granted.

11

12

**Seventh Defense**

**(Failure to Mitigate)**

13    148.   SPECTRA's claim for damages is barred, in whole or in part, by its

14    failure to mitigate damages arising from its unreasonable 15-year delay in seeking to

15    correct material errors in the '388 patent's issued claims.

16    **Other Defenses**

17    149.   Defendant LSI reserves all defenses under Rule 8(c) of the Federal Rules

18    of Civil Procedure, the Patent Laws of the United States, and any other defenses, at

19    law or in equity, that may now exist or in the future be available based on discovery or

20    further factual investigation in this case.

21    **DEMAND FOR JURY TRIAL**

22    In accordance with Federal Rule of Civil Procedure 38(b), Defendant LSI

23    demands a trial by jury for all issues so triable.

24    **COUNTERCLAIMS**

25    Without waiver of any rights, including the right to seek dismissal of this

26    action, Defendant LSI, by and through its undersigned counsel, alleges the following

27    counterclaims against SPECTRA in accordance with the Federal Rules of Civil

28    Procedure.   Defendant LSI incorporates the foregoing responses and defenses as if

1  fully set forth herein.

## The Parties

2

3    1.    Defendant and Counterclaimant LSI is a corporation organized under the

4  laws of the State of Delaware, with offices located at 1320 Ridder Park Drive, San

5  Jose, California 95131, and is registered with the California Secretary of State under

6  entity number C1590746.

7    2.    According to the allegations in the Amended Complaint, Plaintiff

8  SPECTRA is a limited liability company organized under the laws of the State of

9  California with a principal place of business at 2907 Shelter Island Drive, Suite 105-

10  279, San Diego, California 92106.

## Jurisdiction And Venue

11

12    3.    According to the allegations in the Amended Complaint, SPECTRA

13  claims certain rights arising under the patent laws of the United States and related to

14  U.S. Patent No. 6,108,388 ("the '388 patent").

15    4.    Based on SPECTRA's assertion, and on information and belief,

16  SPECTRA is the sole owner of the '388 patent.

17    5.    This action arises under the patent laws of the United States, 35 U.S.C.

18  §§ 100 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based

19  on an actual justiciable controversy between Counterclaimant and SPECTRA. Subject

20  matter jurisdiction over these counterclaims arises under 28 U.S.C. §§ 1331, 1338(a),

21  and 2201.

22    6.    SPECTRA has consented to personal jurisdiction for this action in this

23  district by filing the Amended Complaint in this action in this Court.

24    7.    To the extent venue of the main action is found to be proper, venue for

25  these counterclaims is also proper in this district pursuant to 28 U.S.C. § 1391(b) and

26  (c).

## Factual Background

27

28    8. SPECTRA alleges in the Amended Complaint that it owns, by assignment,

21

1   all right, title and interest in the '388 patent.

2       9. SPECTRA expressly charged Defendant LSI with infringement of the ''388

3   patent by filing the Amended Complaint. LSI has denied those allegations. Thus, for

4   at least these reasons, there exists an actual controversy between the parties regarding

5   these patents.

6                                **First Counterclaim**

7   **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,108,388)**

8       10.    Defendant LSI does not infringe and has not infringed, literally or by the

9   doctrine of equivalents, any valid and enforceable claim of the '388 patent, either

10  directly, indirectly, jointly, or in any other manner.

11                               **Second Counterclaim**

12  **(Declaratory Judgment of Invalidity of U.S. Patent No. 6,108,388)**

13      11.    On information and belief, the asserted claim(s) of the '388 patent is (are)

14  invalid for failure to comply with the conditions and requirements for patentability

15  specified in, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and/or 116 in effect at

16  the time the patent issued.

17                                **Third Counterclaim**

18               **(Declaratory Judgment of Unenforceability)**

19      12.    On information and belief, the asserted claim(s) of the '388 patent is (are)

20  unenforceable for at least the following reasons (without limitation): the asserted

21  claim(s) of the '388 patent is (are) invalid for failure to comply with the conditions

22  and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101-

23  103, 111-113, and/or 116 in effect at the time the patent issued; and the patent expired

24  no later than February 6, 2016.

25                               **PRAYER FOR RELIEF**

26  Wherefore, Defendant LSI prays that this Court enter judgment:

27      A. Dismissing the Amended Complaint with prejudice and denying each and

28          every prayer for relief contained therein;

B. Declaring that none of the asserted claims of the ''388 patent are directly, jointly, or indirectly infringed by the use, sale or offer for sale of any of LSI's products, or any other activity attributable to LSI, either literally or under the doctrine of equivalents;

C. Declaring that the asserted claims of the ''388 patent are invalid and/or unenforceable;

D. Declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to LSI; and

E. Granting LSI such further relief as this Court may deem necessary, just or proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), LSI demands a trial by jury for all issues so triable.

Dated:  July 22, 2016                    **WINSTON & STRAWN LLP**

By:   */s/ Constance F. Ramos*
Constance F. Ramos
Attorneys for Defendants
LSI Corporation and Avago Technologies
U.S. Inc

DEFENDANT LSI'S ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 3:16-CV-00899-DMS-MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

## United States District Court for the Southern District of California

### Case No. 3:16-CV-0899-DMS-MDD

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840.  On the below date, I served the following document:

**DEFENDANT LSI CORPORATION'S ANSWER AND COUNTERCLAIMS TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

☒    by electronically filing the document listed above with the Clerk of the Court via the court's CM/ECF system which then sent a notification and copy of such filing to the parties to this action to as set forth below.

**ADAM GARSON**
**GAZDZINSKI & ASSOCIATES, PC**
**750 B STREET, SUITE 1600**
**SAN DIEGO, CA 92101**

**EMAIL:  ADAM.GARSON@GAZPAT.COM**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed this 22nd day of July, 2016 at San Francisco, California.

By: _____

Maureen Courtney